IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEA ANN LOCKWOOD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:21-cv-536-DWD |
| ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court is Defendant's Motion to Remand to the Commissioner. (Doc. 30). Defendant asks that this case be remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). A sentence four remand (as opposed to a sentence six remand) depends upon a finding of error, and is itself a final, appealable order. *See Melkonyan v. Sullivan*, 501 U.S. 89 (1991); *Perlman v. Swiss Bank Corp. Comprehensive Disability Prot. Plan*, 195 F.3d 975, 978 (7th Cir. 1999). Upon a sentence four remand, judgment should be entered in favor of the plaintiff. *Shalala v. Schaefer*, 509 U.S. 292, 302–03 (1993).

Defendant argues that the Commissioner's decision finding Plaintiff not disabled prior to July 9, 2015, did not consider the opinion of Elizabeth Kalb, Ph.D., as to Plaintiff's work-related functional limitations. (Doc. 30 at 1). Therefore, Defendant argues, the decision leaves open a question of fact that only the Administrative Law Judge ("ALJ") can resolve on remand for rehearing. (Doc. 30 at 2–3). Plaintiff agrees that the case should be remanded for rehearing and that a direct award of benefits is not appropriate at this

point. (Doc. 31 at 1).

Upon receipt of the Court's order entering judgment, the Appeals Council will remand the matter to an ALJ for further proceedings with regard to the time period Plaintiff was found not disabled, specifically from the amended alleged onset date of July 1, 2010, through July 8, 2015. The ALJ will conduct further proceedings, including evaluating the opinion evidence, offering Plaintiff the opportunity for a new hearing, and developing the administrative record as necessary to determine whether Plaintiff is disabled within the meaning of the Social Security Act, and then issue a new decision.

For good cause shown and without opposition, Defendant's motion (Doc. 30) is **GRANTED**. Accordingly, Plaintiff's motion for summary judgment (Doc. 23) is **MOOT**. The final decision of the Commissioner of Social Security denying Plaintiff's application for social security benefits is **REVERSED and REMANDED** to the Commissioner for rehearing and reconsideration of the evidence, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court is **DIRECTED** to enter judgment in favor of plaintiff.

**SO ORDERED.**

Dated: June 22, 2022

_____
DAVID W. DUGAN
United States District Judge