IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEA ANN.,[1] | ) |
| | ) |
|       **Plaintiff,** | ) |
| | ) |
| vs. | )   Case No. 3:21-cv-00536-DWD |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
|       **Defendant.** | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Before the Court is the parties' Joint Motion to Award Attorney Fees and Expenses (Doc. 35) under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The parties seek an award of attorney's fees and expenses, totaling $7,287.25 (seven thousand two-hundred eighty-seven dollars and twenty-five cents), to fully and completely satisfy any and all claims for attorney's fees and expenses payable to Plaintiff in this matter under the EAJA.[2] The parties also seek specific language in this Court's order, reflecting that the award to Plaintiff may be offset by any pre-existing debt owed to the United States. *See Astrue v. Ratliff*, 560 U.S. 586, 593 (2010) (holding subsection (d)(1)(A) of § 2412 awards attorney's fees and expenses to the litigant, as to subject the attorney's fees and expenses to a federal administrative offset for outstanding federal debts).[3]

---

[1] In keeping with the Court's practice, Plaintiff's full name will not be used in this Memorandum and Order due to privacy concerns. *See* Fed. R. Civ. P. 5.2(c) and the Advisory Committee Notes thereto.
[2] The parties seek only attorney's fees and expenses, not costs.
[3] The parties proceed under § 2412, generally, rather than subsection (d)(1)(A), specifically. Notably, subsection (d)(1)(B) imposes certain requirements, which are not satisfied here, for obtaining an award of

Under § 2412(b) of the EAJA, the Court may award reasonable attorney's fees and expenses to the prevailing party in any civil action brought against the United States, any agency of the United States, or any official of the United States acting in his or her official capacity. *See* 28 U.S.C. § 2412(b). The United States is liable for such attorney's fees and expenses to the same extent as any other party under the common law or a statute specifically providing for such an award. *See id.* Except in a limited circumstance that is not applicable to this case, an award of attorney's fees and expenses under § 2412(b) is paid in accordance with sections 2414 and 2517 of Title 28. *See id.*; 28 U.S.C. § 2414, § 2517.

Here, the Court finds Plaintiff is the prevailing party in this civil action against the Commissioner of Social Security. The Court further finds an award of $7,287.25 (seven thousand two-hundred eighty-seven dollars and twenty-five cents) to Plaintiff, as jointly requested by the parties, is reasonable. For these reasons, the parties' Joint Motion to Award Attorney Fees and Expenses (Doc. 35) is **GRANTED**. The Court awards Plaintiff attorney's fees and expenses in the amount of **$7,287.25 (seven thousand two-hundred eighty-seven dollars and twenty-five cents)** to fully and completely satisfy any and all claims for attorney's fees and expenses payable to Plaintiff in this matter under the EAJA.

The Court emphasizes that, like subsection (d)(1)(A), subsection (b) awards the attorney's fees and expenses to the litigant and not to the litigant's attorney. *See* 28 U.S.C. § 2412(b), (d)(1)(A). Therefore, the attorney's fees and expenses belong to Plaintiff, not Plaintiff's attorney, and may be offset to satisfy any pre-existing debt owed by Plaintiff

---

attorney's fees and expenses under subsection (d)(1)(A). *See* 28 U.S.C. § 2412(d)(1)(A)-(B). For purposes of this Memorandum and Order, the Court presumes that the parties are proceeding under subsection (b).

to the United States. *See* 28 U.S.C. § 2412(b), (d)(1)(A); *Astrue*, 560 U.S. at 593. If Defendant can verify that plaintiff does not owe a pre-existing debt to the government subject to an offset, then Defendant may direct that the award be made payable to Plaintiff's attorney pursuant to an EAJA assignment, if any, duly signed by Plaintiff and his counsel.[4] If there is a debt owed under the Treasury Offset Program, then any remaining EAJA attorney fees after the offset will be paid by a check made out to Plaintiff. The check shall be delivered to and in the care of:

> David Sutterfield
> Sutterfield Law Offices
> 208 S. Second Street
> P.O. Box 836
> Effingham, IL 62401

**SO ORDERED.**

Dated: August 22, 2022.

_____
DAVID W. DUGAN
United States District Judge

---

[4] An EAJA assignment was not attached as an exhibit to the Joint Motion to Award Attorney Fees and Expenses (Doc. 35).